1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETER W. ALFERT, SBN 83139
TERESA LI, SBN 278779
**HINTON ALFERT, PC**
200 Pringle Ave, Suite #450
Walnut Creek, California  94596
Telephone: (925) 279-3009
Facsimile:  (925) 279-3342
PAlfert@hintonalfert.com
TLi@hintonalfert.com

TODD BOLEY, SBN 64119
ZOYA YARNYKH, SBN 258062
**LAW OFFICE OF TODD BOLEY**
2381 Mariner Square Dr., Ste. 280
Alameda, CA 94501
Telephone: (510) 836-4500
Facsimile: (510) 649-5170
boley@boleylaw.com
yarnykh@boleylaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.T., A MINOR, BY AND THROUGH HER GUARDIAN AD LITEM RACHEL TORRES; DAVID COPE and RACHEL TORRES<br><br>PLAINTIFFS,<br><br>VS.<br><br>PITTSBURG UNIFIED SCHOOL DISTRICT; GLORIA JOSEPH; JEFFREY VARNER; AND TARA BRINKERHOFF<br><br>DEFENDANTS. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)   Violation of Constitutional Rights (42 U.S.C, §1983**<br><br>**(2)   Discrimination in Violation of the Americans with Disabilities Act**<br><br>**(3)   Violation of § 504 of the Rehabilitation Act of 1973**<br><br>**(4)   Violation of Cal. Civ. Code § 52.1**<br><br>**(5)   Battery**<br><br>**(6)   Intentional Infliction of Emotional Distress**<br><br>**(7)   Negligence**<br><br>**(8)   Negligent Supervision**<br><br>**(9)   Violation of the Unruh Civil Rights Act**<br><br>**[JURY DEMANDED]** |

Plaintiffs, K.T., a minor by and through her guardian ad litem RACHEL TORRES ("K.T."); DAVID COPE ("COPE"); and RACHEL TORRES ("TORRES") allege as follows:

<u>**PARTIES**</u>

1.      Plaintiff K.T. is a minor and a resident of Contra Costa County, California.

2.      Plaintiff TORRES is a parent of K.T. and a resident of Contra Costa County, California.

3.      Plaintiff COPE is a parent of K.T. and a resident of Stanislaus County, California.

4.      Defendant Pittsburg Unified School District ("PUSD") is a public entity duly incorporated and operating under California law as a school district.

5.      Defendant GLORIA JOSEPH ("JOSEPH") was at all times relevant herein, a special education aide employed by PUSD.  All actions by JOSEPH alleged herein were taken in the course and scope of her employment with PUSD.

6.      Defendant TARA BRINKERHOFF ("BRINKERHOFF") was, at all times relevant herein, a teacher at Parkside Elementary School ("Parkside") in the PUSD, in Pittsburg, California. All actions by BRINKERHOFF alleged herein were taken in the course and scope of her employment with PUSD.

7.      Defendant JEFFREY VARNER ("VARNER") was, at all times relevant herein, the principal at Parkside in the PUSD, in Pittsburg, California. All actions by VARNER alleged herein were taken in the course and scope of his employment with PUSD.

<u>**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**</u>

8.      This court has original jurisdiction over Plaintiffs' claims for relief pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

9.      PUSD has agreed to waive Eleventh Amendment immunity with regard to Plaintiffs' state law claims; therefore, this court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

10.     Plaintiffs have complied with the claim presentation requirements of the California Government Tort Claims Act, Cal. Gov. Code §§ 810 et seq.. PUSD denied Plaintiffs' claims on December 16, 2015.

11.     PUSD is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§11135 and 445, *et seq.*, and to all other legal requirements referred to in this Complaint.  In enacting Title II of the Americans with Disabilities Act, Congress validly abrogated state sovereign immunity, and thus PUSD may be sued pursuant to Title II.  *Hason Med. Bd. Of California*, 279 F.3d 1167, 1170 (9th Cir. 2002).  By accepting Federal Rehabilitation Act funds, PUSD waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to Section 504 of the Rehabilitation Act of 1973.  *Pugliese v. Dillenberg*, 346 F.3d 937 (9th Cir. 2003).

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Contra Costa County.

13.     This case arose in Contra Costa County, California, and, pursuant to Rule 3-2(c) and (d) of the Local Rules of the Northern District of California, should be assigned to either the San Francisco or Oakland Division of the Northern District.

## FACTUAL ALLEGATIONS

14.     Plaintiff K.T. was born on November 14, 2006.

15.     Plaintiff K.T. has been diagnosed with autism, mild mental retardation, and attention deficit hyperactivity disorder ("ADHD").

16.     As part of her disability, K.T. had tendency of putting inedible objects in her mouth.

17.     K.T. was a special education student at Parkside during the 2014-2015 school year. BRINKERHOFF was her assigned teacher, and JOSEPH was a special education aide in the classroom.

18.     Prior to the 2014-2015 school year, as part of her disability, K.T. had minimal verbal ability.  She was able to understand when spoken to, but had limited vocabulary or ability to construct sentences.

19.     On information and belief, employees of Defendant PUSD, including Defendants JOSEPH, BRINKERHOFF, and VARNER (INDIVIDUAL DEFENDANTS) observed or had knowledge that students in BRINKERHOFF's classroom were subjected to an unhealthy educational environment which included verbal, psychological and physical abuse.

20.     On information and belief, all INDIVIDUAL DEFENDANTS had knowledge of information giving rise to a reasonable suspicion that JOSEPH and/or BRINKERHOFF had committed acts of abuse or neglect as defined by Penal Code Section 11165.3 against students in her classroom.  Each of these employees was a mandated reporter as defined by Penal Code Section 11165.7, but did not report the abuse or neglect to an agency defined in Penal Code Section 11165.9.

21.     On information and belief, during the 2014-2015 school year, K.T. was subjected to ongoing verbal and physical abuse by JOSEPH and/or BRINKERHOFF, including JOSEPH and/or BRINKERHOFF being verbally aggressive; being physically aggressive; forcibly grabbing K.T.'s hands; grabbing K.T.'s hands and jerking them away from her body; grabbing and pulling K.T.; holding K.T. really hard and pulling her back and forth; forcibly turning K.T.'s body around; pushing K.T.; slapping K.T.'s face; and kicking K.T.'s buttocks.

a.      In February of 2015, K.T.'s occupational therapist Cynthia Chaires observed strange bruises on K.T.'s hips, stomach, and the under portion of her arms.  The bruises ranged in size and color with some being light red to a deep green.

b.      On or about May 28, 2015, Maria Aldave and Bertha Canales, two parents of children who attended Parkside, observed JOSEPH and/or BRINKERHOFF grab K.T. roughly by her hands, pulling her back and forth, and screaming at her.

c.      On June 1, 2015, Aldave and Canales observed JOSEPH and/or BRINKERHOFF grab K.T. roughly, pulling on her arms and yelling at her, slapping K.T. across the face, aggressively grabbing K.T.'s hands and pushing her, and then kicking K.T. on the buttocks.

d.      Sometime prior to May 28, 2015, on multiple occasions, Aldave had witnessed JOSEPH and/or BRINKERHOFF committing similar abuse to K.T.

e.      On June 3, 2015, another parent Maria Hernandez observed JOSEPH and/or BRINKERHOFF approach K.T. who had her hands on her mouth and roughly grab them and pull her hands from her face in an aggressive and strong manner.

22.     Prior to June 1, 2015, employees of PUSD had cause to know or to reasonably suspect that K.T. had been a victim of child abuse at Parkside.

a.   Prior to May 28, 2015, a bus driver had complained to VARNER that JOSEPH was screaming at a child student.

b.   Prior to May 28, 2015, BRINKERHOFF had reported to VARNER that there were problems with JOSEPH's interactions with the children in her classroom.

c.   Prior to May 28, 2015, on a daily or near-daily basis, Caterina Ferrante, an aide at PUSD, observed that PUSD staff, including JOSEPH and/or BRINKERHOFF pulling up K.T.'s shirt, and exhibiting behavior toward K.T. that Ferrante described as very abrupt and jumpy. On multiple occasions prior to May 28, 2015 BRINKERHOFF observed JOSEPH being "rough" with students, "pulling" students, being "physically loud" with students, raising her voice to students, getting "in the kids' faces" and generally being "rough around the edges" with students.

23.   The staff, including JOSEPH and/or BRINKERHOFF stated that their behavior was toward K.T. was justified by K.T.'s disability.

24.   On June 1, 2015, Aldave and Canale reported to VARNER about witnessing the abuse of K.T. at Parkside.

25.   On June 3, 2015, TORRES and COPE were informed of the abuse of K.T.

26.   During lunch time of June 3, 2015, JOSEPH was put on paid administrative leave.

27.   On June 4, 2015, a staff of PUSD first reported the child abuse to the police.

28.   Despite their knowledge of ongoing child abuse of K.T. that had occurred in PUSD, INDIVIDUAL DEFENDANTS did nothing to stop the abuse before June 3, 2015.  It was only after non-PUSD employees Aldave and Canale reported witnessing abuse of K.T. at PUSD, did PUSD decide to "investigate" the abuse.

29.   On information and belief, Plaintiffs allege that certain employees of PUSD, including VARNER had the authority to train, supervise, and discipline JOSEPH and BRINKERHOFF to prevent the abuse of K.T. and/or prevent the further abuse of K.T.

30.   On information and belief, Plaintiffs allege that PUSD's training of its employees was woefully inadequate because employees of PUSD were unaware that they were mandated reporters under state law, what BRINKERHOFF and JOSEPH were doing to K.T. was child abuse, and/or that they were supposed to report suspected child abuse immediately to the police, as

required by California Penal Code Section 11165.3.  On information and belief, VARNER knew of these deficiencies, yet failed to correct them.

31.     Defendants' conduct was a substantial factor in causing K.T.'s harm:  K.T. suffers from mental anguish and emotional and physical distress in an amount to be proven at trial.  For example, since the abuse, K.T. has regressed in her verbal ability, now fears school, exhibits behaviors that had been previously resolved, and has symptoms of Post-Traumatic Stress Disorder ("PTSD").  K.T. also engages in self-injurious behaviors such as picking at her skin, striking herself, and hitting herself on the face so hard that bruises her hand.

## FIRST CLAIM FOR RELIEF
### (Violation of Constitutional Rights, 42 U.S.C. § 1983)
### (K.T., TORRES, and COPE v. JOSEPH, BRINKERHOFF, and VARNER)

32.     Plaintiffs incorporate herein by reference the allegations in all the foregoing paragraphs above as though fully set forth herein.

33.     On information and belief, JOSEPH and/or BRINKERHOFF acted under color of law and violated K.T.'s rights under the Fourth Amendment to the United States Constitution by their actions, including but not limited to unjustified and excessive force against K.T., such as forcibly grabbing K.T.'s hands, grabbing K.T.'s hands and jerking them away from her body, grabbing and pulling K.T., holding K.T. really hard and pulling her back and forth, forcibly turning K.T.'s body around, pushing K.T., slapping K.T.'s face, and kicking K.T.'s buttocks.

34.     On information and belief, the abuse was done because of K.T.'s disabilities.

35.     On information and belief, Defendants VARNER and BRINKERHOFF violated minor K.T.'s rights under the Fourth Amendment to the United States Constitution by actions, including but not limited to, acting with deliberate indifference to the risk of harm to K.T. from JOSEPH and/or BRINKERHOFF or JOSEPH, respectively.  VARNER and BRINKERHOFF personally participated in the deprivation of constitutional rights of K.T. by their failure to act in response to allegations of serious child abuse by JOSEPH and/or BRINKERHOFF.

36.     VARNER and BRINKERHOFF knew that they could cover up the abuse because of K.T.'s limited verbal ability.

///

37.     On information and belief, Defendants JOSEPH, BRINKERHOFF, and VARNER violated Plaintiffs TORRES and COPE's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution by intentionally interfering with TORRES and COPE's liberty to direct the upbringing, education, and care of K.T. and depriving TORRES and COPE's right to direct education of K.T. of their choosing.  Because of the abuse, K.T. has suffered injuries that impair her mental function which deprived the ability of TORRES and COPE as her parents to maintain a relationship with their child K.T.  In addition, K.T.'s aggressive behavioral issues have interfered with the ability of her speech therapist and occupational therapist to provide services to her.  Many educational programs and schools are no longer available for her because of her severe aggressive behavioral issues caused by the abuse.

38.     Defendants' conduct was a substantial factor in causing Plaintiffs' harm as described herein above.

### SECOND CLAIM FOR RELIEF
#### (Discrimination in Violation of the Americans with Disabilities Act)
#### (K.T. v. PUSD)

39.     Plaintiffs incorporate herein by reference the allegations in all the foregoing paragraphs as though fully set forth herein.

40.     Effective January 26, 1992, Title II of the Americans with Disabilities Act of 1990 entitled K.T. to the protections of the "Public Services" provisions.  Title II prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C.A. § 12131, Section 201 of the ADA.

41.     Pursuant to Section 202 of Title II, "no qualified individual with a disability shall, by reason of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C.A. § 12132.

42.     K.T. was, at all times relevant herein, a qualified individual with a disability as therein defined.

43.     PUSD failed in its responsibilities under Title II to provide its services, programs, and activities in a full and equal manner to disabled persons as described hereinabove, including

failing to ensure that educational services are provided on an equal basis to children with disabilities and free of hostility toward their disability.

44.     On information and belief, JOSEPH and/or BRINKERHOFF subjected K.T. to physical, verbal, and psychological abuse because of various symptoms manifested from K.T.'s disability, for example, she put inedible objects in her mouth.  Children without disability in PUSD were not subject to the same treatment.

45.     On information and belief, BRINKERHOFF and VARNER were deliberately indifferent to the complaints of the abuse committed by JOSEPH and/or BRINKERHOFF because of K.T.'s disability.  On information and belief, on many occasions, BRINKERHOFF observed and/or participated in the abuse of K.T. and VARNER was informed by others that K.T. was abused at Parkside.  Neither of them did anything to stop the abuse until the abuse was observed and reported by parents who did not work for PUSD.  This deliberate indifference by the employees gives rise to respondeat superior liability of PUSD.

46.     As a result of Defendant's failure to comply with its duty under Title II, Plaintiff has suffered damages as described herein above.

47.     A violation of the ADA is, by statutory definition, a violation of both the Unruh Civil Rights Act ("Unruh") and the California Disabled Persons Act ("DPA"). Cal. Civ. Code §§ 51(f), 54.1(d).

48.     Plaintiff is not required to prove that the discrimination was intentional when seeking damages for ADA violations under the Unruh Act.

**THIRD CLAIM FOR RELIEF**
**(Violation of § 504 of the Rehabilitation Act of 1973)**
**(K.T. v. PUSD)**

49.     Plaintiffs incorporate herein by reference the allegations in all the foregoing paragraphs above as though fully set forth herein.

50.     On information and belief, K.T. alleges that PUSD is and has been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction, and/or maintenance of the specific public facilities described herein and the activities that take place therein.  By its actions or inaction in denying

equal access to educational services, PUSD violated K.T.'s rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

51.     PUSD is vicariously liable for the actions or inactions of its employees. BRINKERHOFF and VARNER were deliberate indifferent to the abuse committed by JOSEPH and/or BRINKERHOFF.  They had actual knowledge of the ongoing abuse and knew that JOSEPH and/or BRINKERHOFF were likely to continue abusing K.T. but failed to act upon it.

52.     As a result of PUSD's failure to comply with its duty under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, Plaintiff suffered damages as described herein above.

**FOURTH CLAIM FOR RELIEF**
**(Violation of California Civil Code § 52.1)**
**(K.T. v. JOSEPH, BRINKERHOFF and PUSD)**

53.     Plaintiffs incorporate the allegations in all the foregoing paragraphs as though fully set forth herein.

54.     On information and belief, the actions of JOSEPH and/or BRINKERHOFF, as alleged herein, including the violent acts toward K.T., intentionally interfered with K.T.'s civil rights under the Constitution and laws of the state of California by threats, intimidation, and/or coercion in violation of Cal. Civ. Code § 52.1.

55.     PUSD is liable for Bane Act violations committed by its employees in the scope of their employment. Cal. Gov. Code. § 815.2; *Gant v. County of Los Angeles*, 772 F.3d 608, 623 (9th Cir. 2014) (reversing district court's dismissal of Bane Act claim against public entity defendants); *Dorger v. City of Napa*, No. 12-cv-440-YGR, 2012 WL 3791447 at 7 (N.D. Cal. Aug. 31, 2012) ("a public entity can be liable for misconduct that interferes with federal or state laws, if accompanied by threats, intimidation, or coercion.").

56.     Defendants' violation of Section 52.1 was a substantial factor in causing Plaintiff's harm as described herein above.

///

///

///

**FIFTH CLAIM FOR RELIEF**
**(Battery, under California Law)**
**(K.T. v. JOSEPH and BRINKEROFF)**

57.     Plaintiffs incorporate herein by reference the allegations in all the foregoing paragraphs as though fully set forth herein.

58.     On information and belief, as alleged herein, on multiple occasions JOSEPH and/or BRINKERHOFF intentionally touched K.T. without her consent with the intent to harm or offend her. On information and belief, this physical contact included but was not limited to instances in which JOSEPH and/or BRINKEROFF forcibly grabbed K.T.'s hands; grabbed K.T.'s hands and jerked them away from her body; grabbed and pulled K.T.; held K.T. really hard and pulled her back and forth; forcibly turned K.T.'s body around; pushed K.T.; slapped K.T.'s face; and kicked K.T.'s buttocks. This use of force against K.T. constituted an unlawful battery.

59.     Defendants' conduct was a substantial factor in causing Plaintiff's harm as described herein above.

**SIXTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress under California Law)**
**(K.T. v. JOSEPH, BRINKERHOFF, VARNER, and PUSD)**

60.     Plaintiffs incorporate herein by reference the allegations in all the foregoing paragraphs as though fully set forth herein.

61.     On information and belief, in subjecting K.T. to abuse as alleged herein, JOSEPH and/or BRINKERHOFF engaged in extreme and outrageous conduct beyond the bounds tolerated in a decent society.  In particular, JOSEPH and BRINKERHOFF were K.T.'s aide and teacher, respectively.  Both JOSEPH and BRINKERHOFF were adults at the time of the abuse and K.T. was only eight years old and had disabilities.  As a result, both JOSEPH and BRINKERHOFF were in positions of authority.  K.T. was particularly vulnerable because of her age and disabilities, such as being nonverbal.  JOSEPH and BRINKERHOFF knew that K.T. was particularly vulnerable and knew that their abuse of K.T. would likely result in harm due to mental distress.

62.     On information and belief, in committing the violent acts alleged herein JOSEPH and/or BRINKERHOFF acted with the intent to cause K.T. extreme emotional distress, or at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

63.     On information and belief, BRINKERHOFF and VARNER had actual knowledge of the violent acts committed by JOSEPH to K.T., yet failed to take steps to stop or prevent further acts of violence until the abuse was observed and reported by non-PUSD employees.  Such conduct is outrageous: VARNER was in a position of power because he was the principal of Parkside and K.T. was an eight years old with disabilities including being nonverbal.  On information and belief, BRINKERHOFF and VARNER took advantage of K.T's disabilities by attempting to cover up the abuse of K.T., knowing it full well that K.T. could not inform anyone verbally about the abuse because of K.T.'s disabilities.  Defendants' conduct in this regard was outrageous and Defendants' acted either with the intent to inflict emotional distress or at a minimum, acted with a reckless disregard as to whether such actions would cause such extreme emotional distress.

64.     As a public entity, PUSD is liable for injuries proximately caused by the acts or omissions of its employees within the scope of their employment. *See* Cal. Gov. Code § 815.2(a).

65.     K.T. suffers severe emotional distress as described herein above.

66.     Defendants' conduct was a substantial factor in causing K.T.'s severe emotional distress.

### SEVENTH CLAIM FOR RELIEF
### (Negligence under California Law)
### (K.T., TORRES, and COPE v. JOSEPH, BRINKERHOFF, VARNER, and PUSD)

67.     Plaintiffs incorporate herein by reference the allegations in all the foregoing paragraphs as though fully set forth herein.

68.     JOSEPH and BRINKERHOFF owe a duty to exercise reasonable care when interacting with K.T.

69.     Because of the special relationship between PUSD, its employees BRINKERHOFF, VARNER, and K.T. who attended Parkside, which arose from the mandatory character of school attendance and the comprehensive control over students exercised by school personnel, PUSD, BRINKERHOFF, and VARNER owed a duty to exercise reasonable care to prevent harm to K.T. at the hands of anyone, including JOSEPH and/or BRINKERHOFF negligently or intentionally.

///

///

70.     In addition, upon learning that JOSEPH and/or BRINKERHOFF had been suspected of abusing students, the duty to exercise reasonable care to prevent further harm to K.T. includes a duty to disclose the suspected abuse to K.T.'s parents TORRES and COPE.  *Doe v. Sup. Ct.*, 237 Cal.App.4th 239, 246-47 (Cal. App. 2015).

71.     Teachers, instructional aides, classified personnel and administrative officers of the PUSD are also mandatory reporters as defined by California Penal Code § 11165.7.  As such, they were under a mandatory duty to report to an agency specified in §11165.9 whenever, any of them, in his or her professional capacity or within the scope of his or her employment, had knowledge of or observed a child whom the mandated reporter knew or reasonably suspected had been the victim of child abuse or neglect. *(California Penal Code § 11166.)* A mandatory reporter is required to report suspected child abuse immediately or as soon as practicably possible by telephone and the mandated reporter shall prepare and send, fax, or electronically transmit a written follow-up report thereof within 36 hours. *Ibid*.

72.     JOSEPH, BRINKERHOFF, and VARNER were each, at all times relevant to the allegations herein, a mandatory reporter as defined by California Penal Code § 11165.7.

73.     On information and belief, JOSEPH, BRINKERHOFF, VARNER and other teachers, instructional aides, classified personnel and/or administrative officers of PUSD were aware that children, including K.T. under the supervision of JOSEPH and BRINKERHOFF were victims of abuse as defined by California Penal Code §§ 11165.3 and 11165.4, and the abuse was ongoing.  However, none of these mandatory reporters employed by the PUSD complied with their duty to report the abuse to an agency specified in California Penal Code § 11165.9.

74.     In addition, on information and belief, Defendants breached their duty to exercise reasonable care when interacting with K.T. by physically and emotionally abusing K.T., failing to prevent harms to K.T., failing to train its staff about recognizing that they are mandatory reporters under state law, what BRINKERHOFF and JOSEPH were doing to K.T. was child abuse, and/or that they were supposed to report suspected child abuse immediately to the police as required by California Penal Code Section 11165.3, and failing to inform TORRES and COPE of the suspected child abuse when Defendants learned of the suspected abuse.

75.     Defendants' conduct was a substantial factor in causing Plaintiffs' damages as described herein above.

76.     As a public entity, PUSD is liable for injuries proximately caused by the acts or omissions of its employees within the scope of their employment. *See* Cal. Gov. Code § 815.2(a).

**EIGHTH CLAIM FOR RELIEF**
**(Negligent Supervision)**
**(K.T., TORRES and COPE v. BRINKERHOFF, VARNER, and PUSD)**

77.     Plaintiffs incorporate and reallege by reference all the foregoing paragraphs, as if they were fully set forth herein.

78.     As school personnel, BRINKERHOFF and VARNER owed students under their supervision, including K.T. a protective duty of care, which includes overseeing the educational environment and the performance of JOSEPH and JOSEPH and/or BRINKERHOFF, respectively, and taking reasonable measures to guard K.T. against abuse from foreseeable sources, including JOSEPHE and/or BRINKERHOFF.

79.     On information and belief, JOSEPH and/or BRINKERHOFF were unfit to perform the work for which they were hired to do because they abused students at school.

80.     On information and belief, BRINKERHOFF and VARNER knew or should have known that JOSEPH and/or JOSEPH and BRINKERHOFF, respectively, were abusing students at school either by personally observing the abuse or by the reports VARNER received from other school employees.

81.     On information and belief, JOSEPH and BRINKERHOFF's abuse of K.T. harmed K.T..

82.     BRINKERHOFF and VARNER's negligent in hiring, supervising and retaining JOSEPH and/or JOSEPH and BRINKERHOFF, respectively was a substantial factor in causing K.T.'s harm.

83.     As a public entity, PUSD is liable for injuries proximately caused by the acts or omissions of its employees within the scope of their employment. *See* Cal. Gov. Code § 815.2(a).

///

///

## NINTH CLAIM FOR RELIEF
**(Violation of the Unruh Civil Rights Act, California Civil Code Section 51, *et seq.*)**
**(K.T. v. PUSD)**

84.     Plaintiff incorporates herein by reference the allegations in all the foregoing paragraphs as though fully set forth herein.

85.     The Unruh Civil Rights Act provides that "All persons within the jurisdiction of this state are free and equal, and no matter what their ... disability … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."  Cal. Civ. Code § 51.

86.     A school is a business establishment under the Unruh Civil Rights Act. *Nicole M. by and through Jacqueline M. v. Martinez Unified School Dist.*, 964 F.Supp. 1369, 1388 (N.D. Cal. 1997).

87.     The Unruh Civil Rights Act further provides that, "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense."  Cal. Civ. Code § 52.

88.     On information and belief, PUSD, through its employees JOSEPH, BRINKERHOFF, and VARNER, denied K.T. full and equal accommodation, advantages, privileges, and services.

89.     On information and belief, K.T.'s disability was a substantial motivating reason for the actions of JOSEPH, BRINKERHOFF, and VARNER towards her.    K.T. was also nonverbal which created an incentive for PUSD personnel including BRINKERHOFF and VARNER to cover up the abuse until non-PUSD employees finally observed and reported the abuse.  Non-disabled students were not similarly abused or allowed to be abused.

90.     K.T. suffers severe psychological and physical trauma.

91.     The conduct of JOSEPH, BRINKERHOFF, and VARNER was a substantial factor in causing K.T.'s harm.

92.     As a public entity, PUSD is liable for injuries proximately caused by the acts or omissions of its employees within the scope of their employment. *See* Cal. Gov. Code § 815.2(a).

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendants, and each of them, as follows:

1.     Compensatory damages to Plaintiffs for pain, suffering, injury, emotional distress, and medical expenses;

2.     Punitive damages against Defendants JOSEPH, BRINKERHOFF, and VARNER;

3.     Attorneys' fees and costs;

4.     Prejudgment interest and post judgment interest as allowed by law; and

5.     For such other and further relief, in law or equity, as the Court may deem appropriate and just.

Date:  June 15, 2016                    HINTON ALFERT, PC


By:  _/s/ Peter W. Alfert_____
PETER W. ALFERT
TERESA LI
Attorneys for Plaintiffs

Date:  June 15, 2016                    LAW OFFICE OF TODD BOLEY


By:  _/s/ Todd Boley_____
PETER W. ALFERT
TERESA LI
Attorneys for Plaintiffs